**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 08-7726**

─────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHELLE DWAYNE BYERS, a/k/a Sld Dft 3:97-184-5, a/k/a
Michael Dwayne Byers, a/k/a Duke Byers,

        Defendant - Appellant.

─────────

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte. Frank D. Whitney,
District Judge. (3:97-cr-00184-FDW-5)

─────────

Submitted: August 18, 2009     Decided: September 8, 2009

─────────

Before MOTZ, KING, and DUNCAN, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Claire J. Rauscher, Steven George Slawinski, FEDERAL DEFENDERS
OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for
Appellant. Amy Elizabeth Ray, Assistant United States Attorney,
Asheville, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michelle Dwayne Byers appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) (2006) motion for a reduction in sentence. In his motion, Byers sought to receive the benefit of Amendment 706 to the U.S. Sentencing Guidelines Manual ("USSG"). The Government has filed a motion to dismiss, contending that Byers's May 13, 2009 release from prison effectively mooted this appeal. Because Byers is ineligible for relief under Amendment 706, we affirm the judgment of the district court without reaching the mootness issue.

Byers pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute and distribute cocaine and cocaine base within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1), 846, 860 (2006). Prior to sentencing, the probation officer prepared a presentence investigation report ("PSR"), calculating Byers's base offense level at thirty-seven, which became a total offense level of thirty-four after adjustment for acceptance of responsibility under USSG § 3E1.1 (1997). When combined with Byers's criminal history category of VI, this yielded a guideline range of 262 to 327 months' imprisonment. Additionally, the probation officer determined that Byers was a career offender under USSG § 4B1.1(a). The base offense level under § 4B1.1(A) was also thirty-seven, for a total offense level of thirty-four after

2

adjustment for acceptance of responsibility. Thus, because Byers's offense level under USSG § 4B1.1 was not greater than the offense level otherwise applicable, Byers's career offender designation had no immediate effect on his sentence. USSG § 4B1.1. At sentencing, the district judge departed downward upon the Government's USSG § 5K1.1 motion, and sentenced Byers to 144 months' imprisonment on September 21, 1998.

Almost ten years later, Byers filed a § 3582(c)(2) motion for reduction of sentence, seeking to receive the benefit of Amendment 706 to the guidelines. Determining that Byers's career offender status rendered Byers ineligible for application of Amendment 706, the district court denied Byers's § 3582 motion. Byers filed a timely appeal.

We review for abuse of discretion a district court's decision denying a sentence reduction under § 3582(c)(2). See United States v. Goines, 357 F.3d 469, 478 (4th Cir. 2004). The district court may reduce the term of imprisonment of a defendant who has been sentenced based on a guideline range that has subsequently been lowered by an amendment to the guidelines, so long as the amendment has been made retroactively applicable. See USSG § 1B1.10(a)(1), p.s. (2008). However, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under . . . § 3582(c)(2) if . . . an amendment . . . does not have the

3

effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B).

In denying Byers's motion, the district court concluded that Byers's designation as a career offender rendered him ineligible for relief under Amendment 706. On appeal, Byers contends that because his offense levels and criminal history categories were the same under USSG §§ 2D1.1(c) and 4A1.1, as they were pursuant to USSG § 4B1.1's career offender designation, Byers's sentencing range, before the downward departure under USSG § 5K1.1, p.s., was based on his crack cocaine offense level, not his career offender offense level. Therefore, Byers asserts, substituting the amended version of USSG § 2D1.1 for the version applied during Byers's sentencing while leaving all other guideline decisions unaffected would reduce Byers's total offense level from thirty-four to thirty-two.

Byers is correct that, had Amendment 706 been in effect at the time of his sentencing, the probation officer would have calculated his base offense level at thirty-five, see USSG §§ 2D1.1(c)(3), 2D1.2(a)(2) (2008), which would have resulted in a total offense level of thirty-two after adjustment for acceptance of responsibility. When combined with Byers's criminal history category of VI, this would have yielded a guidelines range of 210 to 262 months' imprisonment. USSG ch.

5, pt. A (sentencing table). This, however, does not make Byers's case.

Byers overlooks the fact that, as a result of this lessened crack cocaine offense level had Amendment 706 been applicable at his sentencing, he would have been sentenced under the career offender base offense level dictated by USSG § 4B1.1, as his career offender offense level of thirty-seven would have been more than his otherwise applicable offense level of thirty-five. USSG § 4B1.1(b). Accordingly, even with the application of Amendment 706, Byers's base offense level would have remained thirty-seven, which, after a three-level adjustment for acceptance of responsibility, would have resulted in a total offense level of thirty-four, and a guideline range of 262 to 327 months' imprisonment, the same as the range originally calculated by the probation officer. Therefore, because Amendment 706 "d[id] not have the effect of lowering the defendant's applicable guideline range," the district court did not err in determining that Byers was ineligible to receive the benefit of Amendment 706. USSG § 1B1.10(a)(2), p.s.

Accordingly, we deny the Government's motion to dismiss, deny Byers's motion for appointment of counsel, and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are

adequately expressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED